**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Mark McCune,

    Plaintiff,

vs.

Nova Home Loans,

    Defendant.

No. CV 19-600-TUC-CKJ

**ORDER**

Plaintiff Mark McCune ("McCune") has filed a Second Amended Complaint (Doc. 24) against Defendant Nova Home Loans ("Nova"). Also pending before the Court are the Emergency Motion for 30 Extra Days to Amend Complaint (Doc. 22), the Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Order to Show Cause (Doc. 25), and the Motion for Hearing (Doc. 26).

*Procedural Background*

McCune filed his original Complaint alleging Nova failed to provide an accounting pursuant to the Real Estate Settlement Procedures Act ("RESPA"). He requested the foreclosure of his property be stopped and he be granted one million dollars in damages.

This matter was assigned to this Court on April 8, 2020. The Court issued a screening order on April 9, 2020. The Court found McCune had failed to state a claim upon which relief could be granted and dismissed the Complaint with leave to amend.

McCune filed an Amended Complaint on May 5, 2020, but then requested an additional 30 days to filed a new Amended Complaint. McCune filed an Amended Amended

1  Brief June 12, 2020 (Doc. 23).  The Court will refer to this document as the First Amended
2  Complaint ("FAC").  McCune then filed an Emergency Complaint on June 30, 2020.  The
3  Court will refer to this document as the Second Amended Complaint ("SAC").  In his SAC,
4  McCune alleges Count I: Violation of Arizona Laws and Deed of Trust Statutes, Count II:
5  Breach of Implied Covenant of Good Faith and Fair Dealing, Count III: Statutory Consumer
6  Fraud, Count IV: Negligent Misrepresentation, Count V: Breach of Fiduciary Duty.

*Emergency Motion for 30 Extra Days to Amend Complaint* (Doc. 22)

On June 12, 2020, McCune filed his FAC (Doc. 23).  On that same date, McCune filed his Emergency Motion for 30 Extra Days to Amend Complaint (Doc. 22) requesting he be allowed to file a more complete and accurate amended complaint by June 8, 2020.  It appears McCune simply re-used a document requesting additional time that had previously been submitted.  *See* Emergency Motion for 30 Extra Days to Amend Complaint (Doc. 18). McCune then filed his SAC on June 30, 2020.  The Court accepts McCune's motion as requesting additional time to file the SAC.  The Court will grant the requested extension and accept the SAC.

*Operative Complaint*

In its April 9, 2020, Order, the Court advised McCune that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived and that an amended pleading supersedes the original pleading.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Moreover, in his Emergency Motion for 30 Extra Days to Amend Complaint (Doc. 22), McCune stated his intention to submit a complete and accurate amended complaint if his extension were to be granted.  The Court, therefore, accepts McCune's last filed complaint, the SAC, as the operative complaint.  Any claims not included in the SAC are deemed waived.

1 *Subject Matter Jurisdiction*

2     As courts of limited jurisdiction, federal courts are presumptively without jurisdiction
3 over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
4 Indeed, "the subject matter jurisdiction of the district court is not a waivable matter and may
5 be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua*
6 *sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194
7 n. 2 (9th Cir. 1988). The burden of establishing the presence of subject matter jurisdiction
8 rests upon the party asserting jurisdiction. *Id.* The Ninth Circuit has stated:

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). The moving party may "convert[ ] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court . . . " *Savage v. Glendale Union High Sch.*, Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). And, as a general matter, a district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and may "look beyond the complaint . . . without having to convert the motion into one for summary judgment." *United States ex rel Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1200 n.2 (9th Cir. 2009) (citation omitted), overruled on other grounds by *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015).

17 *Wichansky v. Zoel Holding Co., Inc.*, 702 F. App'x 559, 560 (9th Cir. 2017). Where subject
18 matter jurisdiction does not exist, the action must be dismissed. Fed.R.Civ.P. 12(h)(3); *see*
19 *also Smith v. McCullough*, 270 U.S. 456, 459 (1926) ("The established rule is that a plaintiff,
20 suing in federal court, must show in his pleading, affirmatively and distinctly, the existence
21 of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having
22 the defect called to its attention or on discovering the same, must dismiss the case, unless the
23 defect be corrected by amendment.")

24     The claims alleged in the SAC are based on Arizona law, rather than federal law. In
25 other words, this Court does not have subject matter jurisdiction of this matter based on a
26 federal question. *See* 18 U.S.C. § 1331 ("The district courts shall have original jurisdiction
27 of all civil actions arising under the Constitution, laws, or treaties of the United States.").
28     Further, for this Court to have subject matter jurisdiction over state law claims, there

1 must be complete diversity of citizenship of the parties. 18 U.S.C. §1332. Here, the SAC
2 states McCune's address as a property in Tucson, Arizona. It appears, therefore, McCune
3 is an Arizona citizen. The SAC also alleges Nova has a corporate office address within
4 Tucson, Arizona, is based in Tucson, Arizona, and does business in Pima County, Arizona.
5 Further, Nova's website indicates its name is NOVA Financial NOVA Financial & Investment
6 Corporation, DBA NOVA® Home Loans NMLS 3087. *See* https://www.novahomeloans.com/.
7 A search of the Arizona Corporation Commission website indicates NOVA Financial NOVA
8 Financial & Investment Corporation is incorporated in the state of Arizona. *See*
9 https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=05060440. The Court takes
10 judicial notice of incorporation status of Nova. *Gerritsen v. Warner Bros. Entm't Inc.*, 112
11 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (the court can take judicial notice of "[p]ublic
12 records and government documents available from reliable sources on the Internet," such as
13 websites run by governmental agencies), *citations omitted*. It appears, therefore, Nova is also
14 a citizen of the state of Arizona. The SAC, therefore, does not establish that this Court has
15 subject matter jurisdiction over this matter. Dismissal is appropriate.

16

17 *Screening Order*

18 As the Court stated in its April 9, 2020, Order, this Court is required to screen
19 McCune's complaints in this case. A complaint must allege enough factual matter to state
20 a claim to relief that is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
21 While a complaint need not plead "detailed factual allegations," the factual allegations it does
22 include "must be enough to raise a right to relief above the speculative level." *Id.* at 555.
23 Additionally, the Court must take as true all allegations of material fact and construe them
24 in the light most favorable to McCune. *See Cervantes v. United States*, 330 F.3d 1186, 1187
25 (9th Cir. 2003). Here, even if McCune's SAC included the claims as stated in his FAC, a
26 screening of the additional claims would not set forth a claim upon which relief could be
27 granted.
28 Initially, the FAC states it is stating a claim for wrongful foreclosure. Arizona does

not currently recognize a wrongful foreclosure cause of action. *Zubia v. Shapiro*, 408 P.3d 1248, 1253 (Ariz. 2018). Additionally, although the FAC asserts a new deed of trust assignment was created out of thin air, a lender is not required to produce a note before proceeding with a non-judicial foreclosure. As summarized by another judge in this district:

> Arizona does not burden a lender or beneficiary to produce the original note (or any other documents) before proceeding with a non-judicial foreclosure. *See* [*Standish v. Encore Credit Corp.*, No. CV-13-01819-PHX-DGC, 2014 WL 232021, at *3 (D. Ariz. Jan. 22, 2014)] (citing *Hogan*, 277 P.3d at 782 (holding that compliance with Arizona's statutes authorizing non-judicial foreclosure requires a trustee only to record an instrument demonstrating it was the successor in interest to the original trustee); *Hensley v. Bank of N.Y. Mellon*, No. CV-12-01248-PHX-JAT, 2013 WL 791294, at *5 (D. Ariz. Mar. 4, 2013) (holding a beneficiary under a deed of trust is not obligated to "show ownership or otherwise document its right to enforce" the note before a non-judicial foreclosure). Courts routinely hold that such "show me the note" arguments lack merit. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 n.15 (D. Ariz. 2009) (listing cases).

*Barrington Investments of Arizona LLC v. US Bank Nat'l Ass'n*, No. CV-19-05084-PHX-SMB, 2020 WL 2559921, at *5 (D. Ariz. May 20, 2020). In other words, simply because a party challenges the ownership of a promissory note does not mean "the foreclosing party must prove it and either produce the note or provide other evidence establishing its right to foreclose." *Id.* In fact, the Supreme Court of Arizona has stated:

> [I]t is sufficient that a sale is "noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee." [*Hogan*, 277 P.3d at 783]. "[T]he deed of trust statutes impose no obligation on the beneficiary to 'show the note' before the trustee conducts a non-judicial foreclosure." *Id. See also Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1168 (9th Cir. 2013) ("Arizona law does not require possession of the note to effectuate a non-judicial foreclosure.").

*Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337, at *7 (D. Ariz. Nov. 21, 2019). Indeed, the Deed of Trust permits the appointment of a successor trustee. FAC, Ex. (Doc. 23-2, p. 17 of 36).

Additionally:

> To the extent that Plaintiff is arguing that [the bank] does not have the authority to foreclose because the Note and DOT were split upon the purported securitization, such argument is foreclosed by the well-established principle "that a deed of trust is a mere incident of the debt it secures and that an assignment of debt carries with it the security." [*Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543, 553 (1969)] (internal quotations omitted). "[A] deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt, and an attempt to assign the deed of trust without a transfer of the debt is without effect." *Id.*

*Foulkrod v. Wells Fargo Fin. California, Inc.*, No. CV 11-732-GHK (AJWX), 2012 WL 13008150, at *3 (C.D. Cal. Nov. 28, 2012). Indeed, the "splitting" of a note and a deed does not make nonjudicial foreclosure provisions in a deed of trust unenforceable. *See, e.g., In re Mortg. Electronic Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (deed of trust does not necessarily need to be attached to an underlying note for a trustee to foreclose on the security interest that secures the notes' debt); *see also Buchna v. Bank of Am., NA*, 478 F. App'x 425, 425-26 (9th Cir. 2012) (argument that nonjudicial foreclosure provisions in a deed of trust were unenforceable because the note and deed of trust were split failed to state a claim because it was based on nothing more than conclusory speculation that the parties exercising power under the deed of trust were not the noteholder or agents of the noteholder). McCune has failed to sufficiently allege a claim that any defendant or trustee lacked standing to initiate foreclosure proceedings.

The Court also disagrees with McCune's assertion the Mortgage Electronic Registration Systems, Inc. ("MERS") cannot sell or assign a deed of trust. Rather, courts have recognized the enforceability of MERS deeds of trust and the right of an assignee of MERS' interests to foreclose as a deed of trust beneficiary, as nominee for a lender. *See e.g., Thomas v. Ally Bank*, No. 1 CA-CV 17-0066, 2017 WL 6616620, at *2 (Ariz. Ct. App. Dec. 28, 2017) (deed of trust identified MERS as the nominee and beneficiary); *Silvas v. GMAC Mortg., LLC*, No. CV-09-265, 2009 WL 4573234, *8, *14 (D. Ariz. Dec. 1, 2009) (summarily dismissing with prejudice complaint alleging MERS was not a qualified DOT beneficiary); *Blau v. Am.'s Servicing Co.*, No. CV-08-773, 2009 WL 3174823, *5-*8 (D. Ariz. Sept. 29, 2009) (holding "MERS is explicitly referred to [in the DOT] as the beneficiary," and MERS' assignee "thereby became the beneficiary" with authority to initiate trustee's sale and dismissing with prejudice complaint challenging the validity of MERS assignments).

As another district court has stated:

> "[N]umerous cases in this Court, the Ninth Circuit, and Arizona have held that MERS may assign a deed of trust that leads to a trustee's sale. The [c]ourt cannot disregard this authority merely because *Erickson* recognized a possible theory that MERS is not

- 6 -

a statutory beneficiary." *Bayer v. Nationstar Mortgage LLC*, Case No. CV-15-02430-PHX-DGC, 2017 WL 1133023, at *6 (D. Ariz. March 27, 2017). As the *Bayer* court observed "[i]t is well established that MERS may serve as a beneficiary of an Arizona trust deed in a nominee capacity, and that MERS may validly assign its interest in a Deed of Trust." *Id*. at *5.

*Gardner v. Nationstar Mortg., LLC*, 258 F. Supp. 3d 956, 968 (D. Ariz. 2017).

The FAC also purports to state a claim for slander of title. However, McCune has not alleged any facts showing falsity; rather, McCune relies on conclusory statements. Further, McCune has not adequately alleged he is the titleholder free of a trustee's deed of trust or that he timely made payments against the loan. In Arizona:

> The elements of slander of title . . . are the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages. 50 Am.Jur.2d, Libel and Slander s 541, p. 1060 (1970). Of these elements, malice has been said to be the gist of the action. *Glieberman v. Fine*, 248 Mich. 8, 226 N.W. 669 (1929). Thus a bona fide claim of title or comments on matters of public interest are generally held to be qualifiedly privileged and will defeat the action unless actual or express malice is shown. *See, Kemart Corp. v. Printing Arts Research Lab, Inc.*, 269 F.2d 375 (9th Cir., 1959), and *Sinclair Refining Co. v. Jones Super Service Station*, 188 Ark. 1075, 70 S.W.2d 562 (1934).

*City of Tempe v. Pilot Properties, Inc.*, 22 Ariz. App. 356, 363, 527 P.2d 515, 522 (1974);[1] *Snyder v. HSBC Bank, USA, N.A.*, 913 F.Supp. 2d 755, 770 (D. Ariz. 2012). The documents submitted as attachments in this case do not show McCune is a titleholder free of a trustee's deed of trust on or that a default on the loan did not occur. McCune has failed to allege sufficient facts that the documents were false, assignments were invalid, or any defendant acted maliciously. *SWC Baseline & Crismon Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1086 (Ct. App. 2011).

Indeed, the Court recognizes that an attachment to the FAC alleges McCune's mother:

> used $54,000 of a $100,000, GMAC HELOC Loan[.] Records [s]how[] that Lois Knott took out a 55k loan 7 months later NOV 7 2003 on a [r]ental house[.] It appears to pay off 54k loan on 2131 [N.] Frannea house[.]

FAC, Ex. (Doc. 23-2, p. 8 of 36). However, neither the Deed of Trust as to a $55,850.00

---

[1] Federal courts follow the decisions of intermediate state appellate courts when applying state law absent convincing evidence state supreme court would decide differently. *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007); *Cmty. Nat. Bank v. Fid. & Deposit Co. of Maryland*, 563 F.2d 1319, 1321 n. 1 (9th Cir. 1977), *citations omitted*.

loan (Doc. 23-1, p. 8 of 30), nor any other document provided by McCune, establishes that the loan was used to pay off the loan at issue in this case. In other words, McCune's factual allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The FAC again seeks to state a claim pursuant to RESPA. However, the FAC does not allege that any trustee or defendant failed to respond to a written request for information relating to the servicing of a loan pursuant to 12 U.S.C. § 2605(e)(1)(A). Rather, the FAC alleges that McCune never received an annual accounting. While RESPA requires annual escrow statements, 12 U.S.C. § 2609, it does not require an annual accounting of a loan. Moreover, "there is no private right of action under RESPA for a violation of § 2609. *Au v. Republic State Mortg. Co.*, 948 F. Supp. 2d 1086, 1101 (D. Haw. 2013), *citations omitted.*

*Conclusion as to the Claims Alleged by McCune*

McCune's SAC fails to establish this Court has subject matter jurisdiction over this matter. Further, even if the SAC did not supersede the FAC, McCune has not alleged claims, and more specifically any federal claims, upon which relief can be granted. Dismissal is appropriate. Moreover, McCune has had multiple opportunities to state viable claims and he has failed to do so. The Court finds dismissal with prejudice and without leave to amend is appropriate.

*Injunctive Relief*

McCune has filed an Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Order to Show Cause (Doc. 25) and a Motion for Hearing (Doc. 26). McCune seeks a temporary restraining order and a preliminary injunction to stop the July 10, 2020, foreclosure of the property. A temporary restraining order is, in effect, a precursor to a possible preliminary injunction. "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91

1   (1982). Injunctive relief is not automatic: "In each case, a court must balance the competing
2   claims of injury and must consider the effect on each party of the granting or withholding of
3   the requested relief.  Although particular regard should be given to the public interest . . . a
4   federal judge sitting as chancellor is not mechanically obligated to grant an injunction for
5   every violation of law." *Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531,
6   542 (1987).

7   The traditional test for a preliminary injunction requires that a plaintiff show the
8   following:  (1) a fair chance of success on the merits; (2) a significant threat of irreparable
9   injury; (3) at least a minimal tip in the balance of hardships in plaintiff's favor (i.e., the risk
10  of irreparable injury to plaintiff if the injunction is denied must exceed the foreseeable
11  hardship to defendant if it is granted); and (4) whether any public interest favors granting the
12  injunction. *Sugar Busters L.L.C. v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *American
13  Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test requires
14  a plaintiff to show:  (1) a combination of probable success on the merits and the possibility
15  of irreparable injury; or (2) serious questions as to these matters and the balance of hardships
16  tips sharply in plaintiff's favor. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*,
17  240 F.3d 832, 839-840 (9th Cir. 2001).

18  The Ninth Circuit has recognized that these two tests are not inconsistent:  they
19  represent "a continuum of equitable discretion whereby the greater the relative hardship to
20  the moving party, the less probability of success must be shown." *Regents of Univ. of Calif.
21  v. ABC, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984).  Because a preliminary injunction is an
22  extraordinary remedy, the moving party must carry its burden of persuasion by a "clear
23  showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *City of Angoon v. Marsh*, 749
24  F.2d 1413 (9th Cir. 1984).

25  In this case, the Court has determined the SAC should be dismissed with prejudice.
26  In other words, there can be no probable success on the merits because the SAC does not
27  establish this Court has subject matter jurisdiction over this matter.  Further, McCune has
28  failed to state a claim upon which relief can be granted. *See e.g., Stewart v. United States*

- 9 -

*I.N.S.*, 762 F.2d 193, 199 (2nd Cir. 1985) (no jurisdictional basis for preliminary injunctive relief where no complaint was filed; although the "filing of a complaint will not necessarily satisfy other jurisdictional requirements, it is certainly a necessary condition"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (party moving for preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

The Court will deny the request for injunctive relief.

Accordingly, IT IS ORDERED:

1. The Emergency Motion for 30 Extra Days to Amend Complaint (Doc. 22) is GRANTED to the extent the Court accepts the June 30, 2020, Second Amended Complaint.

2. The Second Amended Complaint and this matter are DISMISSED WITH PREJUDICE.

3. The Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Order to Show Cause (Doc. 25) and the Motion for Hearing (Doc. 26) are DENIED.

4. The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 7th day of July, 2020.

_____
Cindy K. Jorgenson
United States District Judge